AO 241     Page 1

RECEPTION AND MEDICAL
DATE: 2-23-21
INMATE INITIALS: RH

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT
OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District: MIDDLE DIST. OF FLORIDA |
|---|---|
| Name (under which you were convicted): REGINALD HAYES | Docket or Case No.: 04-CF-2560 |
| Place of Confinement: RECEPTION MEDICAL CENTER | Prisoner No.: B-854132 |
| Petitioner (include the name under which you were convicted) REGINALD HAYES | Respondent (authorized person having custody of petitioner) v. MARK INCH SECRETARY DEPARTMENT OF CORRECTIONS |
| The Attorney General of the State of FLORIDA Kelly FORREN | 2:21-cv-161-FtM-38NPM |

**PETITION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
   20th Judicial Circuit Court in and for Lee County Florida

   (b) Criminal docket or case number (if you know): 04-2560

2. (a) Date of the judgment of conviction (if you know): February 3rd 2006

   (b) Date of sentencing: April 6, 2006

3. Length of sentence: 30 Year Minimum Mandatory

4. In this case, were you convicted on more than one count or of more than one crime?   ☐ Yes   ☑ No

5. Identify all crimes of which you were convicted and sentenced in this case: Aggravated battery while possession or discharging a firearm causing great bodily harm

6. (a) What was your plea? (Check one)
   ☑ (1) Not guilty   ☐ (3) Nolo contendere (no contest)
   ☐ (2) Guilty        ☐ (4) Insanity plea

   (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? _____

   (c) If you went to trial, what kind of trial did you have? (Check one)   ☑ Jury   ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?   ☐ Yes   ☑ No

8. Did you appeal from the judgment of conviction?   ☑ Yes   ☐ No

9. If you did appeal, answer the following:

    (a) Name of court: Second DISTRICT COURT OF Appeals for LakELAND FL

    (b) Docket or case number (if you know): _____

    (c) Result: Affirmed without an opinion

    (d) Date of result (if you know): Sept 2008

    (e) Citation to the case (if you know): N-A

    (f) Grounds raised: Void statute, ineffective assistance of counsel, vindictiveness of prosecutor, speedy trial, Competency issue, motion to suppress statement failure.

    (g) Did you seek further review by a higher state court?  ☒ Yes   ☐ No

        If yes, answer the following:

        (1) Name of court: Second District Court of appeals in and for lakeland FL

        (2) Docket or case number (if you know): _____

        (3) Result: Affirmed

        (4) Date of result (if you know): Sept. 2008

        (5) Citation to the case (if you know): N-A

        (6) Grounds raised: Ineffective assistance of counsel, violation of speedy trial, Repealed statue.

    (h) Did you file a petition for certiorari in the United States Supreme Court?  ☐ Yes   ☒ No

        If yes, answer the following:

        (1) Docket or case number (if you know): _____

        (2) Result: _____

        (3) Date of result (if you know): _____

        (4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?  ☐ Yes   ☐ No

11.  If your answer to Question 10 was "Yes," give the following information:

   (a)   (1) Name of court: ~~Second District Court of Appeals~~ Twentyeth Judicial Circuit in and for lee County

   (2) Docket or case number (if you know): 04-CF-2560

   (3) Date of filing (if you know): May 22, 2008

   (4) Nature of the proceeding: Rule 3.850 Motion for Post conviction relief denied 2008

   (5) Grounds raised: 1. ineffective assistance of counsel 2. Vindictiveness by State attorney 3. Speedy Trial violation 4. failure to raise insanity defense. 5. failure to inform defendant of rejecting offer 6. refusal of Motion to supress.

   (6) Did you receive a hearing where evidence was given on your petition, application, or motion?
   ☐ Yes   ☒ No

   (7) Result: _____

   (8) Date of result (if you know): _____

   (b) If you filed any second petition, application, or motion, give the same information:

   (1) Name of court: 20TH Judicial Circuit court in and for lee County FL.

   (2) Docket or case number (if you know): 04-CF-2560

   (3) Date of filing (if you know): ~~Feb 24, 2012~~ Feb 16, 2012

   (4) Nature of the proceeding: Rule 3.850 Post conviction relief Denied 2-24-12

   (5) Grounds raised: 1. fundamental error by instructing Jury on aggravated battery charge when information did not allege all elements 2. court committed fundamental error for conviction of Aggravated Battery.

   (6) Did you receive a hearing where evidence was given on your petition, application, or motion?
   ☐ Yes   ☒ No

   (7) Result: _____

   (8) Date of result (if you know): _____

   (c) If you filed any third petition, application, or motion, give the same information:

   (1) Name of court: 20TH Judicial Circuit court in and for lee County FL.

   (2) Docket or case number (if you know): 04-CF 2560

   (3) Date of filing (if you know): November 14, 2014

(4) Nature of the proceeding: 3.850 For Newly Discovered evidence

(5) Grounds raised: Newly Discovered evidence Recanting trial testimony. Giglio v. U.S. and Brady v. Maryland

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
☑ Yes   ☐ No

(7) Result: Evidentiary hearing was denied

(8) Date of result (if you know): Denied March 21, 2018

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:   ☑ Yes   ☐ No
(2) Second petition:  ☐ Yes   ☑ No
(3) Third petition:   ☑ Yes   ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not: The Circuit Court rendered Second petition time barred

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:** See continued pages Attached

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Two trial witnesses recanted thier trial testimony by sworn notarized affidavits (see attached) The two witness testimony renders the conviction Judgement and sentence void, due to thier sworn statements which are truthful and creditable in the court of law. (Cont)

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

(c) **Direct Appeal of Ground One:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☑ No

   (2) If you did not raise this issue in your direct appeal, explain why: Because, i was sentenced 2006. The State witnesses did not recant PerJured testimony until 2013 and 2014.

(d) **Post-Conviction Proceedings:**

   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
   ☑ Yes   ☐ No

   (2) If your answer to Question (d)(1) is "Yes," state: Type of motion or petition:

   Type of motion or petition: Florida Rule 3.850 Post conviction Motion

   Name and location of the court where the motion or petition was filed: Twentieth Judicial Circuit for Lee County, FL. 1700 Monroe ST Fortmyers FL 33902

   Docket or case number (if you know): Case No 04-2560 - 2018-1947

   Date of the court's decision: 4-19-2018

   Result (attach a copy of the court's opinion or order, if available): _____

   (3) Did you receive a hearing on your motion or petition?   ☑ Yes   ☐ No
   (4) Did you appeal from the denial of your motion or petition?   ☑ Yes   ☐ No
   (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☑ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal filed: SECOND DISTRICT COURT OF APPEAL FOR LAKELAND FL.

Docket or case number (if you know): 2D18-1947

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): Attached

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _____

**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): CLAIM II was the circuit court erred in denying appellant relief on the Brady vs Maryland and Giglio vs U.S. Both witness admitted to testifying falsely. 14th Amendment U.S. constitution for DUE process of LAW grants that the prosecutor has a constitutional = See Attached, cont.

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes  ☒ No

AO 241                                                                                                                    Page 7

(2) If you did not raise this issue in your direct appeal, explain why: Trial was held February 3, 2006. Witness did not recant until 2013 and 2014.

(d)  **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state: Type of motion or petition:

Type of motion or petition: Florida Rule 3.850 postconviction Relief

Name and location of the court where the motion or petition was filed: Twentieth Judicial circuit Court Lee County, FL, 1700 Monroe St. Fort Myers 33902

Docket or case number (if you know): 04-CF-2560  -2D18-1947

Date of the court's decision: April 19, 2018

Result (attach a copy of the court's opinion or order, if available): Affirmed See Attached

(3) Did you receive a hearing on your motion or petition?         ☑ Yes   ☐ No
(4) Did you appeal from the denial of your motion or petition?    ☑ Yes   ☐ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☑ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal filed: Second District court of Appeal of Lakland, FL

Docket or case number (if you know): 2D18-1947

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): Affirmed without opinion

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: ~~The Appellan~~

**GROUND THREE:**

(a)    Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): The Appellants equal protection of law of the 14th Amendment of the united States constitution was breached by Judge Kyle whom Made incorrect findings and utilized incorrect standards of Evaluating Newly discovered evidence [see Attached continued]

(b)    If you did not exhaust your state remedies on Ground Three, explain why? _____

(c)    **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes   ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: Trial was 2xyslo Recantation was discovered 2013-2014.

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
☑ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Rule 3.850 for postconviction relief

Name and location of the court where the motion or petition was filed: Twentieth Judicial Circuit for Lee county florida

Docket or case number (if you know): 04 CF 2560

Date of the court's decision: March 18, 2018

Result (attach a copy of the court's opinion or order, if available): _____

(3) Did you receive a hearing on your motion or petition? ☑ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☑ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☑ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Second District Court of Appeals for Lakeland, Florida.

Docket or case number (if you know): 2D18-1947

Date of the court's decision: N-A

Result (attach a copy of the court's opinion or order, if available): Attached

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _____

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): The 6th Amendment was violated by circuit and appellate court Judge. disregarded the right for my stand by counsel to be on my behalf after critical stages in the evidentiary hearing.

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes  ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: It was part of the Newly discovered evidence claim.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? ☑ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: 3.850 motion for postconviction relief

Name and location of the court where the motion or petition was filed: Twentieth Judicial Circuit in and for Lee County florida.

Docket or case number (if you know): 04 2560 / 2018-1947

Date of the court's decision: March 18, 2018

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☑ No

    (4) Did you appeal from the denial of your motion or petition?  ☑ Yes  ☐ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☑ Yes  ☐ No

    (6) If your answer to Question (d)(4) is "Yes," state:

        Name and location of the court where the appeal was filed: _Second District court of appeals for lakeland, Florida_

        Docket or case number (if you know): _____

        Date of the court's decision: _____

        Result (attach a copy of the court's opinion or order, if available): _____

    (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

  (e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: _____

13. Please answer these additional questions about the petition you are filing:

  (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?  ☑ Yes  ☐ No

  If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, ground or grounds have not been presented, and state your reasons for not presenting them:_____

_____

_____

_____

_____

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?   ☐ Yes   ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available._____

_____

_____

_____

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?   ☐ Yes   ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised._

_____

_____

_____

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:_____

_____

(b) At arraignment and plea: Robert McCormack 1715 Monroe st fort myers, fla 33902

(c) At trial: Tann Mann fort myers, Florida 33916

(d) At sentencing: _Tanal menin Fort myers, Fl 33916_

(e) On appeal: _Pro Se_

(f) In any post-conviction proceeding: _Fenzandez 1700 monroe st fort myers, Fla 33916_

(g) On appeal from any ruling against you in a post-conviction proceeding: _Pro Se_

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?

☐ Yes    ☒ No

   (a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____

   (b) Give the date the other sentence was imposed: _____

   (c) Give the length of the other sentence: _____

   (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?   ☐ Yes   ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.[1]

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

  (1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

   (A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

   (C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

AO 241                                                                                                          Page 14

Therefore, petitioner asks that the Court grant the following relief: Habeas corpus relief and Judgement/conviction should be overturned for a new Trail and discharged from incarceration based upon the above facts Supported by affidavit attached hereto, request is made to dismiss this case in the intrest of Justice.

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on 2-22-21 (month, date, year).

Executed (signed) on 2-22-2021 (date).

Reginald Heyes, Authorized Agent
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

Revised 01/13 admin/forms/jjl